**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1463V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| GENEVIEVE MERGEN-BARRET, | **PUBLISHED** |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: October 29, 2020 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Joshua A. Whisler*, The Whisler Law Firm, Boca Raton, FL, for Petitioner.
*Camille M. Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]**

On October 6, 2017, Genevieve Mergen-Barret ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging she suffered from Shoulder Injury Related to Vaccine Administration ("SIRVA") from the trivalent influenza ("flu") vaccination she received on October 8, 2014. Pet. at 1, ECF No. 1. At the time, Petitioner was represented by Ms. Valerie A. Conzo of the law office of Valerie A. Conzo, P.A.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On December 6, 2019, Petitioner filed an application for interim attorneys' fees and costs, requesting $33,326.80 in attorneys' fees and $1,142.05 in costs, for a total of **$34,468.85**.  Fees App. at 2, ECF No. 49.  On December 11, 2019, Petitioner's attorney Ms. Valerie Conzo withdrew from the case and was replaced by Mr. Joshua Whisler.  ECF No. 53.  On February 21, 2020, Respondent filed a response objecting to interim fees on the grounds that "withdrawal of Petitioner's counsel is not a sufficient basis for an award of interim attorneys' fees and costs under *Avera*."  Fees Resp. at 1, ECF No. 1-2.  Respondent did not object to the reasonable basis or good faith of the Petition.  *See generally, id.*  Petitioner filed a reply on April 6, 2020.  Fees Reply, ECF No. 63.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$26,856.35** in interim attorneys' fees and costs.

I.   **Legal Standard**

A. *Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352.  Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012

WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. *Good Faith*

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. *Reasonable Basis*

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id. at 286*. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636

3

(Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. *Undue Financial Hardship*

Respondent objects to Petitioner's motion on the grounds that Petitioner has made no showing that she needs payment of interim fees and costs to avoid some undue hardship. Fees Resp. at 2. Respondent also objects to Petitioner's Motion on the grounds that withdrawal from representation "does not provide sufficient grounds to justify an interim award." *Id.* In Petitioner's reply, she argues that "under such circumstances where the proceedings are protracted, counsel has withdrawn, and another attorney has been substituted into the case, an interim award is appropriate." Fees Reply at 3.

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). As of today, Petitioner and her counselors have been litigating this case for over three years, and Ms. Conzo first began billing in 2014, approximately six years ago.

In *Woods v. Sec'y of Health & Human Servs.*, the Court of Federal Claims recognized that an award of interim fees is appropriate where a petitioners' attorney is withdrawing. 105 Fed. Cl.

4

148, 154 (Fed. Cl. 2012); *see also Golm v. Sec'y of Health & Human Servs.*, No. 11-557V, 2013 U.S. Claims LEXIS 1009 (Fed. Cl. Spec. Mstr. July 7, 2013) (same). Special Masters have routinely awarded interim fees to Petitioner's original counsel when they are proceeding through litigation with new representation. *See Putnam v. Sec'y of Health & Human Servs.*, No. 16-1273V, 2017 U.S. Claims LEXIS 963 at *5 (Fed. Cl. Spec. Mstr. July 18, 2017); *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 U.S. Claims LEXIS 446 (Fed Cl. Spec. Mstr. Mar. 28, 2012) (same).

Due to the nature of the Vaccine Program, it is impossible to know how long it will take for a petition to reach resolution. Thus, it is difficult to gauge how long Ms. Conzo would have to wait for payment if she were unable to recover for attorneys' fees and costs until after the case has concluded. This uncertainty, combined with the amount of time this case has been in litigation, constitute an undue hardship that entitles Ms. Conzo to an interim fees award.

**B. *Good Faith and Reasonable Basis***

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. Petitioner has filed an extensive amount of medical records. *See* Exs. 2, 4-11, 13-25. Petitioner has submitted several affidavits. Exs. 3, 12. Furthermore, Petitioner has submitted an expert report from Dr. Michael C. Kindya. ECF No. 66. With the medical records and expert reports provided, such evidence is sufficient to justify the filing on this Petition, thus I find the petition was filed with reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

**C. *Attorneys' Fees***

Petitioner requests a total of $33,326.80 in attorneys' fees. Fees App. at 1.

i. *Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human*

*Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Under *McCulloh*, the following range of rates is available to practitioners with Ms. Conzo's level of experience.

| Year | Range |
|---|---|
| 2014 | $350.00 - $415.00 |
| 2015 | $350.00 - $415.00 |
| 2016 | $350.00 - $415.00 |
| 2017 | $358.00 - $424.00 |
| 2018 | $370.00 - $439.00 |
| 2019 | $378.00 - $448.00 |

Ms. Valerie Conzo requests the following rates:

| Year | Rate | Hours Billed |
|---|---|---|
| 2014 | $400.00 | 4.7 |
| 2015 | $400.00 | 3.0 |
| 2016 | $400.00 | 2.6 |
| 2017 | $424.00 | 28.9 |
| 2018 | $439.00 | 22.8 |
| 2019 | $448.00 | 15.5 |

Fees App. at 12. Under *McCulloh*, the following factors are "are to be considered in determining an appropriate billing rate:

- The prevailing rate for comparable legal work in the forum of Washington, D.C.;
- The prevailing rate for cases in the vaccine program;
- The experience of the attorneys in the Vaccine Program;
- The overall legal experience of the attorneys in the case;
- The quality of work performed in vaccine cases; and

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

- Reputation in the legal community and community at large.

*McCulloh*, 2015 WL 5634323 at *60-*61.  Ms. Conzo has been a member of the Florida bar in good standing since 1992 and has been practicing law for the past 28 years.[4]  This case appears to be Ms. Conzo's first and only experience in the Vaccine Program.  Accordingly, because Ms. Conzo is requesting a rate generally reserved for attorneys with significant experience in the Program, a reduction of the requested rates is necessary.  *See Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 U.S. LEXIS 1821 at *6-7 (Fed. Cl. Spec. Mstr. Nov. 21, 2018) (reducing attorneys' requested rates due to lack of experience in Vaccine Program); *see also Varner v. Sec'y of Health & Human Servs.*, No. 17-1060V, 2019 U.S. Claims LEXIS 2112 at *4-5 (same).

Accordingly, I will reduce Ms. Conzo's requested rates to the following:

| Year | Rate |
| --- | --- |
| 2014 | $370.00 |
| 2015 | $379.00 |
| 2016 | $388.00 |
| 2017 | $397.00 |
| 2018 | $406.00 |
| 2019 | $415.00 |

ii. *Hours Reasonably Expended*

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993).  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred.  Fees App., Ex. A II.  I find the hours to be largely reasonable, however some reductions are appropriate in this case.

---

[4] *See* Valerie Ann Conzo member profile, https://www.floridabar.org/directories/find-mbr/profile/?num=938378.

Several entries are clerical in nature, such as preparing documents for filing, or reviewing ECF notices and orders. Such entries are not compensable in the Program. *See, e.g., Nemmer v. Sec'y of Health & Human Servs.*, No. 14-236V, 2020 U.S. Claims LEXIS 610 at *10 (Fed. Cl. Spec. Mstr. Feb 20, 2020); *Francis v. Sec'y of Health & Human Servs.*, No. 15-527V, 2020 U.S. Claims LEXIS 570 at *9-10 (Fed. Cl. Spec. Mstr. Mar. 3, 2020). Accordingly, I will reduce the time in 2017 by 4.5 hours,[5] in 2018 by 7.1 hours,[6] and in 2019 by 1.6 hours.[7]

I therefore will award $1,739.00 for work performed in 2014 (4.7 x $370.00), $1,137.00 for work performed in 2015 (3.0 x $379.00), $1,008.80 for work performed in 2016 (2.6 x $388.00), $9,686.80 for work performed in 2017 (24.4 x $397.00), $6,374.20 for work performed in 2018 (15.7 x $406.00) and $5,768.50 for work performed in 2019 (13.9 x $415.00) for a total of **$25,714.30** in attorneys' fees.

### D. *Reasonable Costs*

Petitioner requests a total of $1,142.05 in costs, which includes obtaining medical records, postage costs, and the Court's filing fee. Fees App., Ex. A. at 33-38. I have reviewed the supporting documentation and find this request to be reasonable. Accordingly, I award costs in full.

Total costs to be awarded: **$1,142.05.**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

> A lump sum in the amount of **$26,856.35**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her former counsel, Ms. Valerie A. Conzo.

---

[5] *See* billing entries of 10/2/2017 (.2 hours), 10/3/2017 (2 entries totaling 1.2 hours), 10/4/2017 (1.0 hours), 10/5/2017 (1.4 hours), 10/11/2017 (2 entries totaling .2 hours), 10/30/2017 (.1 hours), 11/3/2017 (.1 hours), 11/20/2017 (.1 hours), and 12/6/2017 (two entries totaling .2 hours) for time spent organizing documents and reviewing CM/ECF notifications.

[6] *See* billing entries of 1/2/2018 (.1 hours), 1/16/2018 (two entries totaling 2.3 hours), 1/22/2018 (.1 hours), 3/20/2018 (.1 hours), 5/22/2018 (.2 hours), 5/23/2018 (.1 hours), 6/4/2018 (.1 hours), 7/24/2018 (.1 hours), 9/13/2018 (.1 hours), 9/21/2018 (2.8 hours), 10/15/2018 (.3 hours), 10/19/2018 (.1 hours), 11/15/2018 (.3 hours), 11/27/2018 (.1 hours), 12/17/2018 (.2 hours), and 12/18/2018 (.1 hours) for time spent organizing documents and reviewing CM/ECF notifications.

[7] *See* billing entries of 2/5/2019 (.1 hours), 2/6/2019 (.1 hours), 3/8/2019 (.4 hours), 3/11/2019 (.1 hours), 4/8/2019 (.1 hours), 4/18/2019 (.1 hours), 6/13/2019 (.1 hours), 6/14/2019 (.1 hours), 8/8/2019 (.1 hours), 8/12/2019 (.1 hours), 10/25/2019 (.1 hours), 10/30/2019 (.1 hours), and 11/1/2019 (.1 hours) for time spent organizing documents, scheduling status conferences and reviewing CM/ECF notifications.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
